**CASE NO. 15-1220**

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

_____

JOE DEHERRERA; a/k/a Joe "J.R." Deherrera; JOE GREIGO; JENNIFER
JOHNSON; SCOTT JOHNSON; and TOM LARK, on behalf of themselves,
individually, and on behalf of all others similarly situated,

Appellants,

v.

DECKER TRUCK LINE, INC.,

Appellee

On Appeal from the United States District Court for the District of Colorado
Case No. 13-CV-02556-RM-KLM
Honorable Raymond P. Moore, United States District Court Judge

**APPELLEE'S STATEMENT IN RESPONSE TO ORDER FOR PARTIES'
POSITION ON SEALED PORTIONS OF APPENDIX**

Emily F. Keimig, Esq.
Matthew M. Morrison, Esq.
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900
E-Mail: ekeimig@shermanhoward.com
E-Mail: mmorrison@shermanhoward.com

Attorneys for Appellee Decker Truck Line,
Inc.

Pursuant to this Court's Order of November 4, 2015, Appellee Decker Truck Line, Inc. ("Decker") hereby submits this statement that certain portions (identified below) of Volumes 3A and 3B of Appellant's Appendix should remain sealed permanently and, in support thereof, states as follows:

1.     On October 22, 2014, the District Court entered a Protective Order applicable to, among other things,  deposition testimony and documents produced during discovery that reveal "confidential or proprietary business information (including, but not limited to, business plans or strategies or marketing plans)" of Decker or the non-party New Belgium Brewing Co. ("New Belgium").  See Protective Order [ECF No. 45] at ¶¶ 1, 3.

2.     During discovery, Appellants deposed Mason Lathrop, an employee of New Belgium.  See Aplt. App. at 394.

3.     On March 31, 2015, Decker filed an Unopposed Motion to Restrict Public Access [ECF No. 59, attached hereto as Exhibit 1] to certain portions of Mr. Lathrop's deposition testimony, which were designated by Decker as confidential in accordance with the Court's Protective Order.  The deposition testimony, which now appears in volumes 3A and 3B of Appellant's Appendix, see Aplt. App. at 405–408, 449–452,  contains proprietary, confidential, and trade secret information concerning the models and methods used by New Belgium for forecasting sales

and production of its products.  <u>See</u> Unopposed Motion to Restrict Public Access

[ECF No. 59] at 2.

4.     As stated in Decker's Unopposed Motion to Restrict Public Access,

D.C.COLO.LCivR 7.2(c) allows a party to file a motion to restrict public access to

documents filed with the court, and the motion must: (1) identify the document to

be restricted; (2) state the interest to be protected and explain why that interest

outweighs the presumption of public access; (3) identify a clearly defined and

serious injury that will result without restriction; (4) explain why no alternative to

restricted access is available or why only restricted access will adequately protect

the relevant interest; and (5) state the level of restriction for the document.  <u>Id</u>. at 1.

5.     Decker's Unopposed Motion noted that, with regard to the deposition

testimony at issue, New Belgium has a substantial proprietary interest in its

confidential and trade secret information that outweighs the small public interest in

making the information available.  <u>Id</u>. at 2; <u>SBM Site Servs., LLC v. Garrett</u>, 2011

WL 1375117, at *3 (D. Colo. Apr. 12, 2011) (public access should be denied

where the documents "might serve as a source of business information that could

harm a litigant's competitive standing") (*citing* <u>Huddleson v. City</u>

<u>of Pueblo</u>, 270 F.R.D. 635 (D. Colo. 2010)).  Decker's motion also noted: (1) that

if access to the deposition testimony was not restricted, New Belgium's privacy

interests would be harmed; and (2) alternative restrictions – such as redaction –

would not be practical because significant amounts of information would need to be redacted and the redactions would obscure information relevant to the merits of the case.

6.      On June 10, 2015 [ECF No. 63], the District Court granted a Level 1 restriction for the designated deposition testimony.

7.      The privacy concerns addressed by the District Court apply equally in this proceeding before the Tenth Circuit Court of Appeals.  See Pine Tel. Co. v. Alcatel-Lucent USA Inc., 2015 U.S. App. LEXIS 4980 (10th Cir. Mar. 27, 2015) (although the party seeking to overcome "the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption," a showing that the records to be sealed "contain trade secrets may rebut this presumption") (citations omitted).

8.      Accordingly, pages 405–408 of volume 3A of Appellant's Appendix and pages 449–452 of Volume 3B of Appellant's Appendix should remain under seal permanently because these pages contain proprietary, confidential, and trade secret information concerning the models and methods used by New Belgium for forecasting sales and production of its products.

9.      In addition, pages 415 through 434 of volume 3A of Appellant's Appendix is a contract between Decker and New Belgium that contains confidential information including, among other things, the prices that Decker

charges New Belgium for Decker's services.  Decker has a substantial proprietary

interest in such information that outweighs the small public interest in making the

information available.  SBM Site Servs., LLC v. Garrett, 2011 WL 1375117, at *3

(D. Colo. Apr. 12, 2011) (public access should be denied where the documents

"might serve as a source of business information that could harm a litigant's

competitive standing") (*citing* Huddleson v. City of Pueblo, 270 F.R.D. 635 (D.

Colo. 2010)).  If the contract does not remain under seal, Decker's privacy interests

would be harmed, and alternative restrictions – such as redaction – would not be

practical because significant amounts of information would need to be redacted

and the redactions would obscure information relevant to this case.  Accordingly,

pages 415 through 434 of volume 3A of Appellant's Appendix should permanently

remain under seal.


   Respectfully submitted this 16th day of November, 2015.


        s/ Matthew M. Morrison
        Emily F. Keimig
        Matthew M. Morrison
        SHERMAN & HOWARD L.L.C.
        633 17th Street, Suite 3000
        Denver, CO 80202
        Telephone:  (303) 297-2900
        Facsimile:  (303) 298-0940
        E-Mail: mmorrison@shermanhoward.com

## CERTIFICATE OF DIGITAL SUBMISSION AND PRIVACY REDACTIONS

I hereby certify that a copy of the foregoing **APPELLEE'S STATEMENT IN RESPONSE TO ORDER FOR PARTIES' POSITION ON SEALED PORTIONS OF APPENDIX**, as submitted in Digital Form via the Court's ECF system, is an exact copy of any written document required to be filed with the Clerk and has been scanned for viruses with Trend Micro OfficeScan v. 10.5.1794 and, according to the program, is free of viruses. In addition, I certify all required privacy redactions have been made.

s/ Matthew M. Morrison
Matthew M. Morrison
SHERMAN & HOWARD L.L.C.
633 17th Street, Suite 3000
Denver, CO 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
E-Mail: mmorrison@shermanhoward.com

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 16th day of November, 2015, I electronically filed the foregoing **APPELLEE'S STATEMENT IN RESPONSE TO ORDER FOR PARTIES' POSITION ON SEALED PORTIONS OF APPENDIX** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David H. Miller, Esq.
Rachel Graves, Esq.
SAWAYA LAW FIRM
1600 Ogden St.
Denver, CO 80218
DMiller@sawayalaw.com
RGraves@sawayalaw.com

s/ Louisa Boyte